UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VANESSA LABOY SANTIAGO,

        Plaintiff,

                Case # 16-CV-6459-FPG

v.

                DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

    Vanessa Laboy Santiago ("Santiago" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 15. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

    On February 5, 2015, Santiago protectively applied for DIB with the Social Security Administration ("the SSA"). Tr. 137-43.[2] She alleged that she had been disabled since October 28, 2013, due to chronic back pain, gastric bypass surgery, gout, asthma, attention deficit hyperactivity disorder, and bipolar, depressive, and anxiety disorders. Tr. 165. On November

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2] References to "Tr." are to the administrative record in this matter.

1

17, 2015, Santiago and a vocational expert ("VE") testified at a hearing before Administrative Law Judge John P. Costello ("the ALJ"). Tr. 27-64. On January 21, 2016, the ALJ issued a decision finding that Santiago was not disabled within the meaning of the Act. Tr. 11-22. On May 5, 2016, the Appeals Council denied Santiago's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Santiago's claim for benefits under the process described above. At step one, the ALJ found that Santiago had not engaged in substantial gainful activity since the alleged onset date. Tr. 13. At step two, the ALJ found that Santiago has the following severe impairments: degenerative disc disease in the lumbar spine, asthma, obesity, status-post gastric bypass surgery, and depressive, anxiety, and bipolar disorders. Tr. 13-14. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 14-15.

Next, the ALJ determined that Santiago retained the RFC to perform sedentary work[3] with additional limitations. Tr. 15-20. Specifically, the ALJ found that Santiago can frequently stoop; must be able to briefly change positions every 45 minutes; cannot climb ladders or scaffolds; can tolerate occasional exposure to respiratory irritants like dust, odors, fumes, and extreme temperatures; and is limited to simple routine tasks and a low stress work environment that involves only occasional decision-making. Tr. 15-6.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Santiago from performing her past relevant work as an account information clerk and telephone answering service operator. Tr. 21. At step five, the ALJ relied on the VE's testimony to determine that Santiago can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 21-22. Specifically, the VE

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

testified that Santiago could work as a surveillance systems monitor and charge account clerk. Tr. 22. Accordingly, the ALJ concluded that Santiago was not "disabled" under the Act. *Id.*

**II.     Analysis**

Santiago argues that remand is required because the RFC assessment is not supported by substantial evidence.[4] ECF No. 13-1, at 22-25. Specifically, Santiago asserts that the ALJ's finding that she could perform sedentary work with the option to briefly change positions every 45 minutes impermissibly conflicts with the opinion of consultative examiner Harbinder Toor, M.D. ("Dr. Toor"). *Id.* The Court agrees.

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citing 20 C.F.R. § 404.1545(a)). "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations." *Id.* (citation omitted).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). However, "[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [i]s entitled to weigh all of the evidence available to make an RFC finding that [i]s

---

[4]     Santiago advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 13-1, at 16-22, 25-27. However, because the Court disposes of this matter based on the improper RFC assessment, those arguments need not be reached.

consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

Here, the ALJ's decision summarizes Dr. Toor's physical examination findings and medical source statement. Tr. 18-19. Dr. Toor opined that Santiago "has moderate to severe limitation in standing, walking, bending, [and] lifting. She has moderate limitation sitting a long time . . . Sometimes pain interferes." Tr. 327. The ALJ noted that although Dr. Toor examined Santiago in person, his examination was "largely based on [Santiago]'s subjective complaints and is not consistent with the longitudinal evidence." Tr. 19. Nonetheless, the ALJ concluded that Dr. Toor's opinion was entitled to "significant weight" because the record contains "imaging and clinical findings to support some limitations related to her exertional functioning and postural activities" and "[i]it supports the sedentary range of functioning evidenced by the overall record." *Id.*

The ALJ discounted every other physical medical opinion of record. Tr. 18-20.[5] Interestingly, all of the opinions that the ALJ rejected indicate that Santiago is unable to engage in prolonged sitting. Tr. 487, 491, 502, 694. Santiago argues that Dr. Toor's opinion, which was the only physical opinion that the ALJ relied on, does not constitute substantial evidence in support of the RFC determination. Specifically, Santiago asserts that Dr. Toor's opinion that she is "moderately to severely" limited in standing, walking, bending, and lifting and "moderately"

---

[5] The ALJ did afford "great weight" to a November 2014 opinion rendered by Santiago's treating physician Stephen Judge, M.D. ("Dr. Judge") wherein Dr. Judge opined that Santiago is only moderately limited in walking and standing and has an unlimited ability to sit. Tr. 19, 495. These opinions sharply contrast, however, with Dr. Judge's June 2014, August 2014, and March 2015 opinions that Santiago is very limited in her ability to walk, stand, and sit. Tr. 487, 491, 502. Although the Court declines to consider whether the ALJ violated the treating physician rule, it appears that the ALJ "cherry picked" Dr. Judge's opinions by discounting those opinions indicating that Santiago has serious limitations and relying on a single opinion that demonstrated temporary physical improvement. *See, e.g.*, *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("'Cherry picking' can indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both.").

limited in prolonged sitting is vague and inconsistent with the ALJ's determination that she could perform sedentary work.

A claimant is not necessarily rendered disabled simply because he or she is moderately limited in sitting or standing. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Id.* (citations omitted). Under these circumstances, however, the ALJ must "discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light [or sedentary] work." *Id.* (citation omitted) (remanding for a more thorough analysis of the opinion evidence of record); *see also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence.").

Here, the ALJ did not explain how Santiago could perform sedentary work despite his reliance on Dr. Toor's opinion that Santiago was moderately limited in sitting for a long time. Nonetheless, the ALJ, who is not a medical professional, somehow concluded that Santiago could perform sedentary work if she had the opportunity to briefly change positions every 45 minutes. Tr. 15-16; *see Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor."). This limitation is not supported by any doctor's opinion, treatment notes, or Santiago's testimony, and it is unclear that it would alleviate her issues with sitting.

Santiago testified, for example, that sitting triggers her pain and that she can only sit for five to ten minutes before she must change positions. Tr. 41-42. She also testified that she can only stand for two to five minutes before she must change positions. Tr. 42. As for the opinion evidence, Dr. Judge repeatedly opined that Santiago cannot sit or stand for prolonged periods and he never indicated that briefly changing positions every 45 minutes would alleviate these difficulties. Tr. 485, 487, 489, 491, 502. Similarly, Kincade D. Turner, M.D. ("Dr. Turner.") opined that Santiago cannot stay in one position for very long and noted that sitting is the most uncomfortable position for her. Tr. 694. Dr. Turner did not indicate that these issues would be accommodated by briefly changing positions every 45 minutes. *Id.*

Accordingly, for the reasons stated, the Court finds that the RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 26, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court